# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NORTHERN ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| 3XA WIRELESS, INC., an Illinois corporation, and MOGO WIRELESS, INC., a Georgia corporation, | ) ) ) | Civil Action No. 1:08-CV-02867 |
| | ) | Honorable Robert M. Dow Jr. |
| Plaintiff(s), | ) ) | Magistrate Judge Valdez |
| v. | ) ) | |
| WILSON ELECTRONICS, INC., a Utah corporation, | ) ) ) | **ANSWER TO COMPLAINT** |
| Defendant. | ) ) ) | |

Defendant Wilson Electronics, Inc. ("Wilson" or "Defendant") hereby answers the Complaint (the "Complaint") brought by plaintiffs 3XA Wireless, Inc. and Mogo Wireless, Inc. (collectively "Plaintiffs") as follows:

## **PARTIES**

1.  Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 1 of the Complaint, and therefore denies the same.

2.  Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint, and therefore denies the same.

3.  Wilson admits the allegations of paragraph 3 of the Complaint.

## **JURISDICTION AND VENUE**

4.  Wilson admits that the Complaint purports to allege a claim for false advertising pursuant to 15 U.S.C. 1052, *et seq*. However, Wilson denies that the causes pled by Plaintiffs

have any merit and Wilson further denies any remaining allegations of paragraph 4 of the Complaint.

5. Wilson admits that the Complaint purports to allege a claim pursuant to 15 U.S.C. 1125(a) and that jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(b).

6. Wilson admits the allegations of paragraph 6 of the Complaint.

7. Wilson admits that it is a manufacturer and distributor of cell phone antennas, amplifiers and related accessories. Wilson further admits that it has dealer representatives in all 50 states, Canada, Mexico Central America and South America. Wilson denies any and all remaining allegations of paragraph 7 of the Complaint.

8. Plaintiff admits the Complaint purports that venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391. Plaintiff affirmatively avers that venue is more appropriate in the District Court for the District of Utah.

## BACKGROUND

9. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and therefore denies the same.

10. Wilson denies that 3XA's design improves cell phone performance by increasing signal strength. Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 10 of the Complaint, and therefore denies the same.

11. Wilson admits that a search of the online database maintained by the Federal Communications Commission Office of Engineering and Technology shows that 3XA Wireless, Inc. is the listed Applicant for the authorization designated with FCCID U4O8811960A. Wilson

is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 11 of the Complaint, and therefore denies the same.

12.     Wilson admits that that it is generally aware that there exists a document which purports to be a license agreement between Plaintiffs.  Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 12 of the Complaint, and therefore denies the same.

13.     Wilson admits that it is generally aware that that there exists a document which purports to be a contract between plaintiff Mogo Wireless, Inc. and I.W.R.E., Inc.  Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 13 of the Complaint, and therefore denies the same.

14.     Wilson admits that it is generally aware that Plaintiffs have distributed and sold products known as "Mogo Stix" and "Mogo Port."  Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 14 of the Complaint, and therefore denies the same.

15.     Wilson admits that it is generally aware that I.W.R.E., Inc. has distributed and sold product under the name "Call Capture."  Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 15 of the Complaint, and therefore denies the same.

16.     Wilson admits that it is generally aware that Plaintiffs distribute and sell a product known as "Cell Ranger."  Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 16 of the Complaint, and therefore denies the same.

17. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 17 of the Complaint, and therefore denies the same.

18. Wilson admits that it is a leader in the wireless communications industry, and has been in business for more than 40 years. Wilson further admits that it manufactures and distributes in interstate commerce a variety of amplifiers, antennas, and related cell phone accessories for use with cell phones and other communication devices. Wilson denies any and all remaining allegations of paragraph 18 of the Complaint.

19. Wilson admits the allegations of paragraph 19 of the Complaint.

20. Wilson admits that it distributed copies of a "Consumer Alert" prior to and at the 2008 CTIA Wireless Trade Show in Las Vegas, Nevada. Wilson states that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization set forth in paragraph 20 of the Complaint that is inconsistent therewith. Wilson denies any and all remaining allegations of paragraph 20 of the Complaint.

21. Wilson states that the document attached as Exhibit A to the Complaint speaks for itself and denies any characterization inconsistent therewith. Wilson denies any and all remaining allegations of paragraph 21 of the Complaint.

22. Wilson admits that it distributed a document entitled "CONSUMER ALERT" to various distributors and retailers, including Radio Shack and DAS. Wilson denies any and all remaining allegations of paragraph 22 of the Complaint.

23. Wilson admits that it issued a second document entitled "CONSUMER ALERT." Wilson states that the document attached as Exhibit B to the Complaint speaks for itself and denies any characterization set forth in paragraph 20 of the Complaint that is inconsistent therewith.

24. Wilson states that the document attached as Exhibit B to the Complaint speaks for itself and denies any characterization set forth in paragraph 24 of the Complaint that is inconsistent therewith. Wilson denies any and all remaining allegations of paragraph 24 of the Complaint.

25. Wilson admits that it distributed a second document entitled "CONSUMER ALERT" to various distributors and retailers, including Radio Shack and DAS. Wilson denies any and all remaining allegations of paragraph 25 of the Complaint.

26. Wilson denies the allegations of paragraph 26 of the Complaint.

27. Wilson denies that the 3XA/Mogo product improves the performance of a cell phone. Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 27 of the Complaint, and therefore denies the same.

28. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 28 of the Complaint, and therefore denies the same.

29. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 29 of the Complaint, and therefore denies the same.

30. Wilson denies that the 3XA/Mogo product significantly enhances call clarity on cell phones using the product. Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 30 of the Complaint, and therefore denies the same.

31. Wilson denies the allegations of paragraph 31 of the Complaint.

32. Wilson denies the allegations of paragraph 32 of the Complaint.

33. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 33 of the Complaint, and therefore denies the same.

34.     Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of the Complaint, and therefore denies the same.

## COUNT I
### False Advertising, 15 U.S.C. § 1125 (a)

35.     Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-34 as though fully set forth herein.

36.     Wilson denies the allegations of paragraph 36 of the Complaint.

37.     Wilson denies the allegations of paragraph 37 of the Complaint.

38.     Wilson denies the allegations of paragraph 38 of the Complaint.

39.     Wilson denies the allegations of paragraph 39 of the Complaint.

40.     Wilson denies that the statements made in the documents attached as Exhibits A and B to the Complaint are false.  Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 63 of the Complaint, and therefore denies the same.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A.     Accept this Answer and the enumerated Affirmative Defenses; and

B.     Dismiss the Complaint against it with cause and prejudice; and

C.     Deny any and all relief sought by Plaintiffs in the Complaint; and

D.     Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and

E.     Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and

F.     Grant such further relief as this Court may deem just and appropriate.

## COUNT II
**Violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1 et seq.**

41. Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-40 as though fully set forth herein.

42. Wilson states that Illinois Uniform Deceptive Practices Act, 815 ILCS § 510/1 *et seq*. speaks for itself and denies any characterization set forth in paragraph 42 of the Complaint that is inconsistent therewith.

43. Wilson denies the allegations of paragraph 43 of the Complaint.

44. Wilson denies the allegations of paragraph 44 of the Complaint.

45. Wilson states that Illinois Uniform Deceptive Practices Act, 815 ILCS § 510/1 *et seq*. speaks for itself and denies any characterization set forth in paragraph 45 of the Complaint that is inconsistent therewith.

46. Wilson denies the allegations of paragraph 46 of the Complaint.

47. Wilson denies the allegations of paragraph 47 of the Complaint.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A. Accept this Answer and the enumerated Affirmative Defenses; and
B. Dismiss the Complaint against it with cause and prejudice; and
C. Deny any and all relief sought by Plaintiffs in the Complaint; and
D. Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and
E. Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and
F. Grant such further relief as this Court may deem just and appropriate.

## COUNT III
### Common Law Disparagement of Good and Services

48. Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-47 as though fully set forth herein.

49. Wilson admits that the statements made in the documents attached as Exhibits A and B to the Complaint, while critical to Plaintiffs' products, accurately describe the performance of Plaintiff's products. Wilson denies any and all remaining allegations of paragraph 49 of the Complaint.

50. Wilson denies the allegations of paragraph 50 of the Complaint.

51. Wilson admits that the statements made in the documents attached as Exhibits A and B to the Complaint were intended to inform the public as to the true nature of Plaintiffs' products. Wilson denies any and all remaining allegations of paragraph 51 of the Complaint.

52. Wilson denies the allegations of paragraph 52 of the Complaint.

53. Wilson denies the allegations of paragraph 53 of the Complaint.

54. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 54 of the Complaint, and therefore denies the same.

55. Wilson denies the allegations of paragraph 55 of the Complaint.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A. Accept this Answer and the enumerated Affirmative Defenses; and

B. Dismiss the Complaint against it with cause and prejudice; and

C. Deny any and all relief sought by Plaintiffs in the Complaint; and

D. Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and

E. Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and

F.      Grant such further relief as this Court may deem just and appropriate.

## COUNT IV
### Defamation *per se*

56.      Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-55 as though fully set forth herein.

57.      Wilson denies the allegations of paragraph 57 of the Complaint.

58.      Wilson denies the allegations of paragraph 58 of the Complaint.

59.      Wilson admits that the statements made in the documents attached as Exhibits A and B to the Complaint, while critical to Plaintiffs' products, accurately describe the performance of Plaintiff's products. Wilson denies any and all remaining allegations of paragraph 59 of the Complaint.

60.      Wilson denies the allegations of paragraph 60 of the Complaint.

61.      Wilson admits that the statements made in the documents attached as Exhibits A and B to the Complaint were intended to inform the public as to the true nature of Plaintiffs' products. Wilson denies any and all remaining allegations of paragraph 61 of the Complaint.

62.      Wilson denies the allegations of paragraph 62 of the Complaint.

63.      Wilson denies that the statements made in the documents attached as Exhibits A and B to the Complaint are false or unprivileged. Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 63 of the Complaint, and therefore denies the same.

64.      Wilson denies the allegations of paragraph 64 of the Complaint.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A.      Accept this Answer and the enumerated Affirmative Defenses; and

B. Dismiss the Complaint against it with cause and prejudice; and

C. Deny any and all relief sought by Plaintiffs in the Complaint; and

D. Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and

E. Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and

F. Grant such further relief as this Court may deem just and appropriate.

## COUNT V
### Defamation *per quod*

65. Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-64 as though fully set forth herein.

66. Wilson denies that the statements made in the documents attached as Exhibits A and B to the Complaint are false or unprivileged. Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 66 of the Complaint, and therefore denies the same.

67. Wilson denies that the statements made in the documents attached as Exhibits A and B to the Complaint are false or unprivileged. Wilson is without information sufficient to form a belief as to the truth or falsity of any and all remaining allegations of paragraph 67 of the Complaint, and therefore denies the same.

68. Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 68 of the Complaint, and therefore denies the same.

69. Wilson denies the allegations of paragraph 69 of the Complaint.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A. Accept this Answer and the enumerated Affirmative Defenses; and

B.　　Dismiss the Complaint against it with cause and prejudice; and

C.　　Deny any and all relief sought by Plaintiffs in the Complaint; and

D.　　Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and

E.　　Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and

F.　　Grant such further relief as this Court may deem just and appropriate.

## COUNT VI
### False Light

70.　　Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-69 as though fully set forth herein.

71.　　Wilson denies the allegations of paragraph 71 of the Complaint.

72.　　Wilson denies the allegations of paragraph 72 of the Complaint.

73.　　Wilson denies the allegations of paragraph 73 of the Complaint.

74.　　Wilson denies the allegations of paragraph 74 of the Complaint.

75.　　Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 75 of the Complaint, and therefore denies the same.

76.　　Wilson denies the allegations of paragraph 76 of the Complaint.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A.　　Accept this Answer and the enumerated Affirmative Defenses; and

B.　　Dismiss the Complaint against it with cause and prejudice; and

C.　　Deny any and all relief sought by Plaintiffs in the Complaint; and

D.　　Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and

E.      Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and

F.      Grant such further relief as this Court may deem just and appropriate.

## COUNT VII
**Tortious Interference with Prospective Business Advantage and Relationships**

77.      Wilson restates, realleges and incorporates by reference the foregoing paragraphs 1-76 as though fully set forth herein.

78.      Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 78 of the Complaint, and therefore denies the same.

79.      Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 79 of the Complaint, and therefore denies the same.

80.      Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 80 of the Complaint, and therefore denies the same.

81.      Wilson admits that it was generally aware that Defendants were pursuing a business relationship with Radio Shack. Wilson denies any and all remaining allegations of paragraph 81 of the Complaint.

82.      Wilson denies the allegations of paragraph 82 of the Complaint.

83.      Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 83 of the Complaint, and therefore denies the same.

84.      Wilson is without information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 84 of the Complaint, and therefore denies the same.

85.      Wilson denies the allegations of paragraph 85 of the Complaint.

WHEREFORE, In view of the foregoing, Wilson respectfully requests that the Court:

A.  Accept this Answer and the enumerated Affirmative Defenses; and

B.  Dismiss the Complaint against it with cause and prejudice; and

C.  Deny any and all relief sought by Plaintiffs in the Complaint; and

D.  Entertain any future motions for summary judgment as warranted by the facts and evidence adduced during discovery; and

E.  Entertain any future motion for the Defendant's costs and expenses, including reasonable attorneys' fees, incurred in the defense of this matter; and

F.  Grant such further relief as this Court may deem just and appropriate.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the cause of action set forth in the Complaint, but without assuming any burden of proof there from except as may otherwise exist at law, Wilson alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim set forth therein, is barred because Plaintiffs did not suffer the damages as alleged therein.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims for relief are barred by one or more of the equitable doctrines of unclean hands, waiver, laches and/or estoppel.

**FOURTH AFFIRMATIVE DEFENSE**

The statements made within the documents attached as Exhibits A and B to the Complaint are true.

**FIFTH AFFIRMATIVE DEFENSE**

Wilson's actions are privileged and justified.

**SIXTH AFFIRMATIVE DEFENSE**

Wilson's actions constitute speech protected by the First Amendment to the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

Wilson's actions are privileged because they were taken in the public interest, and/or to advance public policy.

**EIGHTH AFFIRMATIVE DEFENSE**

Some or all of the counts of Plaintiffs' Complaint have been brought in bad faith and for improper purpose.

**NINTH AFFIRMATIVE DEFENSE**

Venue for this action is improper in this jurisdiction, as venue more properly rests in the United States District Court for the District of Utah.

**TENTH AFFIRMATIVE DEFENSE**

In addition to the affirmative defenses set forth above, Wilson reserves the right to raise, assert, and rely upon any and all other defenses that may apply, pending the outcome of further investigation and discovery.

## JURY DEMAND

Wilson hereby demands TRIAL BY JURY of all causes so triable.

                                                Respectfully submitted,

Dated: August 5, 2008            By:    s/ Timothy P. Lucier   .

                                        Timothy Q. Delaney
                                        Timothy P. Lucier
                                        BRINKS HOFER GILSON & LIONE
                                        455 North Cityfront Plaza Drive
                                        NBC Tower, Suite 3600
                                        Chicago, Illinois 60611-5599
                                        Telephone: (312) 321-4200
                                        Facsimile: (312) 321-4299

                                        Thomas R. Vuksinick
                                        Charles J. Veverka
                                        Matthew A Barlow
                                        WORKMAN NYDEGGER
                                        1000 Eagle Gate Tower
                                        60 East South Temple
                                        Salt Lake City, UT 84111
                                        (801) 533-9800
                                        (801) 328-1707 (FAX)

                                      *Attorneys for Defendant*,
                                      WILSON ELECTRONICS, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing ANSWER TO COMPLAINT was served on this the 5th day of August, 2008, to the following attorneys of record, as follows:

> **VIA ECF:**
>
> James F. McCluskey
> Steven Brian Ekker
> Momkus McCluskey Monroe Marsh & Spyratos, LLC
> 3051 Oak Grove Road
> Suite 220
> Downers Grove, IL 60515-1181
> (630)434-0400

I declare under penalty of perjury that the foregoing is true and correct. Executed at Chicago, Illinois on August 5, 2008.

                                                 s/ Timothy P. Lucier