IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| 3XA WIRELESS, INC., an Illinois corporation, and MOGO WIRELESS, INC., a Georgia corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 08 CV 2867 |
| WILSON ELECTRONICS, INC., a Utah corporation, | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) ) | Judge Dow |

<u>INITIAL JOINT STATUS REPORT</u>

Plaintiffs, 3XA WIRELESS, INC. ("3XA") and MOGO WIRELESS, INC. ("MOGO"), and

Defendant, WILSON ELECTRONICS, INC. ("Wilson"), through their respective counsel, submit this Joint

Initial Status Report pursuant to this Court's standing order.

A.   <u>The attorneys of record</u>:

<u>For 3XA and MOGO</u>

Steven B. Ekker, who is expected to co-try this case on behalf of 3XA and MOGO
James F. McCluskey, who is expected to co-try this case on behalf of 3XA and MOGO
Momkus McCluskey, LLC
1001 Warrenville Road, Suite 500
Lisle, IL 60532
630-434-0400

<u>For Wilson</u>

**Local Counsel**
Timothy P. Lucier, who is expected to represent Wilson as local counsel
Mircea A Tipescu, who is expected to represent Wilson as local counsel
Brinks Hofer Gilson & Lione
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, IL 60611-5599
312-321-4200

**Primary Counsel (Pro Hac Vice applications to be filed before Status Conference)**
Thomas R. Vuksinick, who is expected to co-try this case on behalf of Wilson
Charles J. Veverka, who is expected to co-try this case on behalf of Wilson
Matthew A. Barlow, who is expected to co-try this case on behalf of Wilson
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple

Salt Lake City, UT 84111
801-533-9800

B.   The bases for federal jurisdiction:

      3XA and MOGO assert violations of the Lanham Act, 15 USC Section 1125(a), making jurisdiction appropriate under 28 USC Section 1331 and 1338(b). 3XA and MOGO also assert additional causes of action under Illinois law, and that supplemental jurisdiction over those claims is appropriate pursuant to 28 USC Section 1367.  Those additional claims include:  Violation of the Illinois Uniform Deceptive Practices Act (815 ILCS § 510/1 *et. seq.*); Illinois Common Law Disparagement of Goods and Services; Illinois Common Law Defamation *Per Se*; Illinois Common Law Defamation *Per Quod*; Illinois Common Law False Light; and, Illinois Common Law Tortious Interference with Prospective Business Advantage and Relationships.  3XA and MOGO further assert that Wilson has transacted business, contracted to supply goods or services, and has otherwise purposely availed itself of the privileges and benefits of the laws of the State of Illinois, and has committed tortious acts which have proximately caused injury within Illinois.

C.   The nature of the claims:

      Plaintiff, 3XA is the developer of what it maintains to be an easy-to-install, affordable, uni-directional dual-band wireless cellular signal amplifier that plugs into a car's cigarette lighter.  3XA also developed a model that plugs into a computer's USB port. 3XA licensed the technology to Plaintiff, MOGO, for manufacture and distribution of the products.  Defendant, Wilson, is an active competitor of Plaintiffs, in that it manufactures and sells its own wireless cellular amplifiers, antennas and accessories for use with cellular telephones.

      3XA's and MOGO's claims all arise from documents entitled "Consumer Alerts" that were prepared and distributed by Wilson to various nationwide distribution firms, retailers, MOGO customers and distributors, and prospective customers and distributors, including but not limited to Best Buy, Sams/Wal-Mart, DAS, and RadioShack.  These Consumer Alerts were also handed out by Wilson to guests and participants at the 2008 CTIA Wireless Trade Show in Las Vegas.

      Wilson has admitted in its answer that it distributed copies of the Consumer Alerts both prior to and at the 2008 CTIA Wireless Trade Show in Las Vegas and that it distributed them to various distributors and retailers, including Radio Shack and DAS.

Statements contained in these Consumer Alerts of which Plaintiffs complain, include that the 3XA/MOGO product:

- is a "FAKE";

- is a "FRAUD";

- "negatively impacts the performance of a cell phone";

- "fools the user";

- "is not properly designed";

- "results in no connection between the phone and the cell site";

- "harm[s]" cell phone performance;

- "hurts the public"; and,

- is a "detriment to public safety."

3XA and MOGO assert that such statements included in the Consumer Alerts are false and misleading to consumers and that they were intended by Wilson to induce distributors and retailers to sell and distribute, and consumers to purchase, Wilson's own mobile wireless cellular amplifiers, antennas and accessories, rather than the 3XA/Mogo product. 3XA and MOGO further assert that in addition to causing damage to their reputations and good will, the Consumer Alerts resulted in loss of profits and/or royalty fees associated with delayed and/or cancelled orders and lost subsequent sales.

Wilson maintains, *inter alia,* that the statements contained in the Consumer Alerts were true, and therefore, Wilson committed no wrong.

Prior to the commencement of this action, Wilson filed its own lawsuit in the Central District of Utah against 3XA, MOGO and others, alleging false advertising and violation of the Utah Truth in Advertising Act, which is styled *Wilson Electronics, Inc. v. Call Capture, I.W.R.E. Inc., Mogo Wireless, Inc., and 3XA Wireless, Inc.,* No. 08 CV 242 TS. The Utah action asserts that statements made by MOGO and 3XA concerning the function of the products at issue in this case were false and misleading. MOGO and 3XA have moved to dismiss the action pending in Utah for lack of personal jurisdiction. Wilson opposes this motion and the parties have stipulated to limited, expedited discovery on issues related MOGO's and 3XA's motion to dismiss. Wilson's opposition is due after limited, expedited discovery is completed. Wilson

3

intends to move this Court to stay/dismiss the action pending in the Northern District of Illinois in favor of the Utah District Court action. Wilson anticipates that its motion to stay/dismiss will be filed before the Status Conference. 3XA and MOGO intend to oppose any motion filed by Wilson to stay or dismiss the instant action.

The claims raised in the Utah action are primarily based on Wilson's allegations that MOGO's and 3XA's advertising and other material promoting the products at issue in this case state that the 3XA/MOGO products:

-"increase cell phone range"

-"[r]educe[] dropped calls"

-"improve call quality"

Wilson alleges that these, and other statements are false, misleading and have injured Wilson. In the event the Utah case is transferred to this Court, Wilson intends to raise these claims as counterclaims. 3XA and MOGO maintain that they have not made any false or misleading statements in any of their advertisements and/or promotional materials.

D. <u>Non-Service of process</u>:

Wilson has been served and has appeared and answered the Complaint.

E. <u>The principal legal issues are</u>:

1) Whether, in distributing the Consumer Alerts, Wilson violated the Lanham Act, 15 USC Section 1125(a);

2) Whether, in distributing the Consumer Alerts, Wilson violated the Illinois Uniform Deceptive Practices Act (815 ILCS § 510/1 *et. seq.*);

3) Whether Wilson's distribution of the Consumer Alerts constituted Disparagement of Goods and Services;

4) Whether Wilson's distribution of the Consumer Alerts constituted Defamation *Per Se*;

5) Whether Wilson's distribution of the Consumer Alerts constituted Defamation *Per Quod*;

6) Whether Wilson's distribution of the Consumer Alerts constituted False Light;

7) Whether Wilson's distribution of the Consumer Alerts constituted Tortious Interference with Prospective

Business Advantage and Relationships; and,

8)  Appropriate remedies and damages to be awarded in the event Wilson is found to have engaged in any of the violations listed above.

F.  The principal factual issues are:

1)  Whether or not the statements contained in the Consumer Alerts were true or false;

2)  Whether or not the statements contained in the Consumer Alerts were misleading to consumers and/or misled consumers; and,

3)  What if any damages the Plaintiffs incurred arising from any unlawful acts of the Defendant.

G.  Whether a jury trial has been demanded:

A jury trial has been demanded.

H.  Discovery status and scheduling:

No discovery has been conducted yet. Wilson proposes that this Court delay entering a schedule in this case until the Utah court decides MOGO's and 3XA's Motion to Dismiss.  3XA and MOGO would like a discovery schedule entered herein.

I.  Magistrate Consent:

The parties do not unanimously consent to proceed before a Magistrate Judge.

K.  Settlement Discussions:

Each party has presented an offer to globally settle both the instant and the Utah cases for payment of their legal fees and other agreements relating to advertising practices.  Settlement discussions are ongoing and the parties have agreed to delay limited, expedited discovery in the Utah case during settlement discussions.

L.  Settlement Conference Request:

The parties do not seek a settlement conference at the present time.

|  |  |
|---|---|
| ___/s/ Steven B. Ekker___ | ___/s/ Mircea Tipescu___ |
| Momkus McCluskey, LLC | Brinks Hofer Gilson & Lione |
| 1001 Warrenville Road, Suite 500 | NBC Tower, Suite 3600 |
| Lisle, IL 60532 | 455 North Cityfront Plaza Drive |
| 630-434-0400 | Chicago, IL 60611-5599 |
| On Behalf of the Plaintiffs | 312-321-4200 |
|  | On Behalf of Defendant |

W:\1_20\1781.080183\Pleadings\Joint Initial Status Report final.doc